IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF DAVID EUGENE MORGAN, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:10-CV-04145-NKL ) ) |
| JOHN EDWIN COOK, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

Pending before the Court is Defendant Cook's motion for expedited reconsideration [Doc.# 51] of the Court's order denying summary judgment [Doc. # 50]. For the following reasons, Defendant's motion is GRANTED and the Court thereby enters summary judgment for Defendant as sought in his original motion [Doc. # 42].

**I.     Factual and Procedural Background**

On June 30, 2007, the Sedalia police department dispatched two officers, John Cook and John Comfort, to 720 North Lamine Street in response to a report of a domestic disturbance. Cook arrived at the residence, where he observed David Morgan standing alone on the porch. Morgan stumbled over a chair on the porch and fell into another chair. This, combined with Cook's prior dealings with Morgan, led him to believe Morgan was intoxicated. [Doc. # 42 at 10; Doc.# 45 at 10].

Cook approached the porch and stopped between six and twelve feet from the porch. Morgan remained seated. Angeline Jackson, who lived in the residence, came out of the house and told Cook that Morgan had a knife, which Cook then observed Morgan trying to conceal in his hand. [Doc. # 42 at 10; Doc. # 45 at 6]. Cook then drew his pistol and pointed it at Morgan. Cook told Morgan to drop the knife two times.[1] [Doc. # 42 at 11; Doc. # 45 at 7]. Morgan did not comply with Officer Cook's commands. At one point, Morgan stood up, the knife in his right hand. [Doc. # 42 at 8; Doc. # 42-1 at 17]. After standing up, Morgan moved in the direction of Officer Cook.[2] Cook then shot Morgan once in the chest. Morgan subsequently died at the hospital after two hours of surgery.

On June 30, 2010, Plaintiff filed an action in the Circuit Court of Pettis County, Missouri, alleging violations of 42 U.S.C. § 1983, intentional torts, and negligence against Defendant Cook, Sedalia Police Chief John Degonia, and the City of Sedalia. The case was removed from the state circuit court to this Court on July 8, 2010, pursuant to 28 U.S.C. § 1441 (b). On March 23, 2011, Defendants brought a Motion for Complete Summary Judgment [Doc. # 41] before the Court. On August 3, 2011, the Court granted Defendants'

---

[1] The Court views the evidence in the light most favorable to Morgan. Although there is evidence by a neighbor that Morgan did not move, Plaintiff's judicial admission prevents there being a genuine dispute as to a material fact. This fact was not taken into account in the Court's prior order denying Cook's Motion for Summary Judgment.

[2] Plaintiff in her Opposing Suggestions admits that Morgan moved towards Officer Cook, stating that Morgan "drunk and uneasy on his feet, made a step to the side which was toward the general direction of Officer Cook who at the time was standing around 6-7 to 12 feet away, and to the right of Morgan." [Doc. # 45 at 8].

2

Motion for Summary Judgment as to all claims except Plaintiff's Section 1983 claim against Defendant Cook. Regarding the Section 1983 claim, the Court found that Officer Cook was not entitled to qualified immunity, stating that the "facts show that a reasonable officer in Cook's position would not have used deadly force because there was no probable cause to believe that Morgan posed a significant and immediate threat of death or serious physical injury to the officer." [Doc. # 50 at 8]. In support of this ruling, the Court pointed to the fact that "Morgan did not advance towards Cook." [Doc. # 50 at 8].

Defendant Cook has now filed a Motion for Expedited Reconsideration of the Order Denying Summary Judgment. [Doc. # 51]. Cook asks the Court to reconsider the ruling in light of Paragraph 34 of Plaintiff's Opposing Suggestions [Doc. # 45] which stated that Morgan "made a step to the side which was toward the general direction of Officer Cook who at the time was standing around 6-7 to 12 feet away, and to the right of Morgan." [Doc. # 45 at 8]. Cook argues that the fact that Morgan moved towards him entitles Cook to a finding of qualified immunity.

**II.    Discussion**

Qualified immunity is proper unless a police officer violated a constitutional right that is clearly established at that time. *Saucier v. Katz*, 533 U.S. 194 (2001).

The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures. *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998). However, not every use of force violates that right. Courts must apply an "objective reasonableness" test to determine whether an officer's use of force violated the

Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The reasonableness of an officer's use of force must be evaluated from the " perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396; *Krueger v. Fuhr*, 991 F.2d 435, 439 (8th Cir. 1993). "[W]here [an] officer has probable cause to believe that [a] suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable for the officer to use deadly force." *Hassan v. City of Minneapolis*, 489 F.3d 914, 919 (8th Cir. 2007) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 197-98 (2004)).

Plaintiff admitted in her Opposing Suggestions [Doc. # 45] that Morgan had "made a step to the side which was toward the general direction of Officer Cook who at the time was standing around 6-7 to 12 feet away, and to the right of Morgan." *Id*. at 8. It is uncontroverted that Morgan stepped toward Cook with the knife in right hand, that Morgan appeared to be inebriated, and that Officer Cook ordered Morgan to drop the knife anywhere from two to fifteen times before firing his weapon. [Doc. # 42 at 7-8; Doc. # 45 at 6-8, 10].

Upon consideration of this record, the Court finds as a matter of law that a reasonable officer in Cook's position had probable cause to believe that Morgan posed a threat of serious, physical harm to either Cook or Jackson. Thus, it was not constitutionally unreasonable for Officer Cook to protect himself and Jackson from such harm by firing his weapon at Morgan. The use of force by police officers has been found reasonable in circumstances appearing less exigent than the facts in this case. *See Lawson v. Hulm*, 223 F.3d 831, 834 (8th Cir. 2000) (finding officers' seizure of plaintiff constitutionally

4

reasonable even though officers had not warned plaintiff of their approach and plaintiff offered no resistance); *Krueger v. Fuhr,* 991 F.2d 435, 439 (8th Cir. 1993) (finding officer's shooting of fleeing suspect to be reasonable under Fourth Amendment, even though suspect was shot in the back and there was no evidence that officer gave warning to suspect immediately before opening fire). For the above reasons, the Court finds that Officer Cook is entitled to qualified immunity on the Section 1983 claim and a grant of summary judgment must be entered in his favor.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Cook's Motion for Expedited Reconsideration of Order Denying Summary Judgment is GRANTED. The Court enters summary judgment for Defendant as sought in his original motion [Doc. # 42].

                                                        s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

Dated: September 30, 2011
Jefferson City, Missouri